UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lisa Marie Isaac,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Breon S. Peace, Monty Wilkinson,<br><br>　　　　　　Defendants. | 23-cv-06296 (NRM) (LB)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

　　Plaintiff Lisa Marie Issac filed a *pro se* complaint against Defendants Breon S. Peace, the United States Attorney for the Eastern District of New York, and Monty Wilkinson, Director of the Executive Office for United States Attorneys, in the Supreme Court of the State of New York in Kings County on June 27, 2023. Compl. 1, ECF No. 1-2 (the "Complaint"). The case was removed the case to federal court on August 22, 2023. Notice of Removal, ECF No. 1.

　　On October 19, 2023, Defendants filed a motion to dismiss. Mot. to Dismiss, ECF No. 9. Defendants served a copy of the motion to dismiss on Plaintiff by mail, Letter to Pl., ECF No. 9-3, but Plaintiff did not respond. The Court will therefore treat Defendants' motion to dismiss as unopposed.

　　For the reasons that follow, the Complaint is dismissed for failure to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

At the motion to dismiss stage, "a *pro se* plaintiff's complaint 'must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests.'" *Guillaume v. Ocwen Loan Servicing, LLC*, No. 17-cv-7187, 2019 WL 8645386, at *1 (E.D.N.Y. Dec. 17, 2019) (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Nonetheless, a *pro se* plaintiff's "'bald assertions and conclusions of law' are not adequate" to withstand a motion to dismiss. *Wilson v. Family Dollar Stores*, No. 06-cv-639, 2007 WL 952066, at *9 (E.D.N.Y. Mar. 29, 2007)).

## **DISCUSSION**

Upon careful review of the record, construing all factual allegations in the Complaint in the light most favorable to Plaintiff and construing Plaintiff's claims liberally, the Court finds that the Complaint fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678.

The Complaint arises from a dispute regarding the ownership and occupation of a property located in Brooklyn. In the Complaint, styled as a "notice of intentional tort," Plaintiff references the statutory duties of United States Attorneys and claims that "the referenced parties are still engaging in fraudulent activities" and are "liable for tort claims." Compl. at 2. The Complaint, however, does not contain any details concerning Defendants' alleged conduct, tortious or otherwise. Even giving the most liberal construction to the Complaint, the Court cannot discern any connection between the harm of which Plaintiff complains and any act or omission by Defendants, who include Breon Peace, the United States Attorney for the Eastern District of New York, and Monty Wilkinson, the Director of the Executive Office for United States Attorneys ("EOUSA"). Nor can the Court determine any other cause of action that Plaintiff seeks to present to this Court. In sum, the Complaint does not articulate a viable cause of action against the only parties Plaintiff has sued – United States Attorney Breon Peace and Director of the EOUSA Monty Wilkinson.

Accordingly, because the Complaint does not establish that Plaintiff's allegations, if true, would entitle her to any relief against Defendants, Defendants' unopposed motion to dismiss is granted and the Complaint must be dismissed for

failure to state a claim. *See Walker v. Real Life Church*, No. 22-cv-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint where the court could not discern what cognizable harm the plaintiff suffered); *Bloom v. U.S. Gov't*, No. 02-cv-2352, 2003 WL 22327163, at *5–6 (S.D.N.Y. Oct. 10, 2003); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam). Because the Court grants the motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it does not address the other grounds for dismissal asserted in Defendants' motion.

Generally, a court should not dismiss a *pro se* complaint "without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alteration in original) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend the Complaint but finds that amendment would be futile. *See Middleton v. United States*, No. 10-cv-6057, 2011 WL 7164452, at *4 (E.D.N.Y. June 28, 2011) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (stating that complaints that are frivolous on their face may be dismissed without granting leave to amend), *report and recommendation adopted*, 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012).

## CONCLUSION

For the reasons set forth above, the Complaint, filed *pro se*, is dismissed in its entirety without leave to renew pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

                                                              */s/*NRM  
                                                              NINA R. MORRISON  
                                                              United States District Judge

Dated: September 30, 2024  
       Brooklyn, New York